**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3832-17T2

TYLER CHAINAY,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted October 18, 2019 – Decided December 5, 2019

Before Judges Ostrer and Susswein.

On appeal from the New Jersey Department of Corrections.

Tyler Chainay, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Plaintiff-Appellant, Tyler Chainay, a state prison inmate, appeals from a final agency decision finding him guilty of assaulting a corrections officer and imposing disciplinary sanctions. We affirm the agency decision, which is supported by sufficient credible evidence.

On March 1, 2018, Chainay was incarcerated at the Albert C. Wagner Youth Correctional facility. Senior Corrections Officer Gonzalez was escorting inmates to the kitchen when plaintiff approached him, rolled up his sleeves, and raised his arms. The officer instructed Chainay to lower his arms and to keep them at his sides. Chainay disobeyed the instruction and told the officer "we 'bout to get right." Chainay then pushed the officer, precipitating a wrestling tussle. A second officer, Officer Bellavance, witnessed the pushing encounter, sounded an alert, and assisted in restraining defendant.

The disciplinary hearing originally was scheduled for March 2, 2018, but was postponed because Chainay had requested video evidence and witness statements. The disciplinary hearing was eventually held on March 8, 2018, at which Chainay put on a defense with the assistance of substitute counsel. Chainay declined the opportunity to cross examine Officer Gonzales.

The hearing officer found Officer Gonzalez to be credible and found Chainay guilty of committing an assault in violation of N.J.A.C. 10A:4-

2

4.1(a)(1)(ii). He was sanctioned to 365 days of administrative segregation, a 365-day loss of commutation time, and a 30-day loss of recreation privileges. After an administrative appeal, the Assistant Superintendent affirmed both the finding of guilt and the sanctions imposed.

Chainay contends on appeal that insufficient credible evidence was presented to support the hearing officer's finding that Chainay assaulted Officer Gonzales. He also contends that he was deprived of his right to present witness statements on his behalf and his right to review and present surveillance video that, according to him, would show that he was the victim, not perpetrator, of an assault.

The scope of our review of a Department of Corrections determination that an inmate committed a disciplinary infraction is limited. A final agency decision is entitled to a deferential standard of review. An appellate court may reverse a decision of an administrative agency only if it is "arbitrary, capricious, or unreasonable, or if it is not supported by substantial credible evidence in the record as a whole." P.F. v. N.J. Div. of Developmental Disabilities, 139 N.J. 522, 529–30 (1995). Agency actions are presumed valid and reasonable, and the plaintiff bears the burden to overcome this presumption. Bergen Pines Cty. Hosp. v. N.J. Dep't of Human Servs., 96 N.J. 456, 477 (1984).

A-3832-17T2

Generally,

> [c]ourts can intervene only in those rare circumstances in which an agency action is clearly inconsistent with its statutory mission or other state policy. Although sometimes phrased in terms of a search for arbitrary or unreasonable action, the judicial role is generally restricted to three inquiries: (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency bases its action; and (3) whether, in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Musick, 143 N.J. 206, 216 (1996) (citing Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562 (1963)).]

Furthermore, it is well settled that a reviewing court cannot substitute its own judgment in place of the agency judgment, even if the court would have reached a different result. In re Stallworth, 208 N.J. 182, 194 (2011) (citing In re Carter, 191 N.J. 474, 483 (2007)). This is particularly true when, as in this instance, we are reviewing an issue related to an agency's special "expertise and superior knowledge of a particular field." Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)).

An adjudication of guilt of an institutional infraction must be supported by substantial evidence. N.J.A.C. 10A:4-9.15(a). Substantial evidence is "such

4

evidence as a reasonable mind might accept as adequate to support a conclusion." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 192 (App. Div. 2010) (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)).

We have reviewed the record on appeal in light of the applicable legal standards and conclude that Chainay's contentions lack sufficient merit to warrant extensive discussion in this written opinion. R. 2:11-3(e)(2). With respect to his contention that he was denied the right to present witness statements, the record shows that all four persons he identified as witnesses gave statements in which they claimed to have no knowledge of the incident.

With respect to his contention concerning purportedly exculpatory surveillance video, the record shows that no such evidence exists because the area where the assault occurred is not covered by a surveillance camera. This situation is substantially similar to the one presented in Ramirez v. Department of Corrections where we held that, "[w]e are satisfied that [the inmate's] due process right to present documentary evidence was fully protected by the hearing officer's efforts to accommodate [the inmate's] request for what was determined to be a non-existent videotape of the incident." 382 N.J. Super. 18, 22 (App. Div. 2005).

In sum, we conclude that Chainay was afforded the procedural rights and protections due to him under Avant v. Clifford, 67 N.J. 496, 525–46 (1975), that the finding that he was guilty of assaulting an officer is supported by substantial credible evidence, and that the disciplinary sanctions that were imposed on that substantiated infraction were not arbitrary and capricious.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3832-17T2